IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., § <br> as Broadcast Licensee of the § <br> August 13, 2005 Rahman/Barrett Event, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CAROLINE GUERRERO, § <br> Individually and d/b/a § <br> ROCKY'S PLACE, § <br> § <br> Defendant. § | | Civil Action No.  3:08-CV-1970-G (BF) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management.  Before the Court for consideration is the Motion for Summary Judgment filed by Caroline Guerrero, owner and manager of Rocky's Place, individually and d/b/a/ Rocky's Place ("Defendant"), on February 26, 2009 (doc. 8).  Kingvision Pay-Per-View, Ltd. ("Plaintiff") filed a Response on March 17, 2009 (doc. 9).  Defendant failed to file a Reply, and the time to do so has expired.

This is an "Anti-Piracy" case pursuant to the Federal Communications Act of 1934, as amended (the "Communications Act").  The Communications Act forbids the piracy of radio and

television signals. *See* 47 U.S.C. §§ 553[1], 605[2]. Plaintiff claims that Defendant illegally intercepted the closed circuit telecast of the August 13, 2005 championship boxing match between Hassim Rahman and Monte Barrett, including undercard or preliminary bouts (the "Event"). Plaintiff claims that Defendant exhibited the Event in Rocky's Place without paying the licensing fee to Plaintiff. Plaintiff originally filed this suit in state court, and Defendant later removed it to federal court (doc. 1). Defendant now seeks summary judgment, arguing that Plaintiff's suit is barred by the statute of limitations or, in the alternative, that the suit should be dismissed under the doctrine of laches.

## **Standard of Review**

Summary judgment is appropriate when the pleadings and the evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court views the facts in the light most favorable to the non-moving party.

---

[1] The terms of 47 U.S.C. § 553 provide, *inter alia*, that:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] The terms of 47 U.S.C. § 605 provide, *inter alia*, that:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

*Whittaker v. BellSouth Telecomm., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once a properly-supported motion for summary judgment is made and the movant has met his burden, the non-moving party must go beyond the pleadings and set forth specific facts showing that a genuine issue exists for trial. *Anderson*, 477 U.S. at 250. This burden is not satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). There must be evidence giving rise to reasonable inferences that support the non-moving party's position. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

## Analysis

### Statute of Limitations

Defendant claims that summary judgment is warranted because Plaintiff's suit is barred by the statute of limitations. To determine whether this case is, in fact, barred by the statute of limitations, the court must first determine the length of the statute of limitations. Then the court must determine when the lawsuit was filed and whether it was filed within the limitations period.

The applicable statute of limitations in this case is three years. *See Prostar v. Massachi*, 239 F.3d 669, 678 (5th Cir. 2001) (holding that the three-year limitations period in the Copyright Act governs actions brought under §§ 553 and 605 of the Communications Act). Plaintiff alleges that Defendant committed piracy under the Communications Act on August 13, 2005. Therefore, Plaintiff must have filed this suit some time before August 13, 2008 to survive Defendant's motion

for summary judgment.

Without citing any authority, Defendant argues that the suit is considered filed at the time it is filed in federal court. However, proceedings initiated in state court have full force and effect in federal court. *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994) (citing *In re Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc)). This means that when a case is removed from state court to federal court, "[t]he federal court takes the case as it finds it on removal and treats everything that occurred in state court as if it had taken place in federal court." *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986). The federal rules apply only after removal and cannot add to nor abrogate what has been done in state court before removal. *See id.* (quoting *Talley v. American Bakeries Co.*, 15 F.R.D. 391, 392 (E.D. Tenn. 1954)). Therefore, the removal of a lawsuit from state court to federal court has no effect on when a lawsuit is considered filed. Accordingly, when a court determines whether a lawsuit has been filed within the limitations period, the Court deems the suit filed when it is originally filed in state court, not federal court.

Because Plaintiff filed its original petition in state court on August 11, 2008, before the limitations period expired, the suit is not barred by the statute of limitations. Moreover, Defendant's November 5, 2008 removal of this timely-filed case to federal court is irrelevant to the computation of the three-year period during which Plaintiff could, and did, file this action. Defendant's Motion for Summary Judgment based on the statute of limitations should be denied because Plaintiff timely filed its original petition in state court.[3]

---

[3] The Court need not reach Plaintiff's alternative argument that the statute of limitations defense is procedurally barred.

4

**Laches**

Defendant next claims that summary judgment is warranted based upon the doctrine of laches. "Laches is commonly defined as an inexcusable delay that results in prejudice to the defendant." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998) (quoting *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 153 (5th Cir. 1985)). The three essential elements of the defense of laches are: (1) a delay in asserting a right or claim; (2) the delay is inexcusable; and (3) the defendant will suffer prejudice from the inexcusable delay. *See id.* (citation omitted). When a plaintiff files a claim within the statutory period, defendants have the burden to prove inexcusable delay and resulting prejudice. *Barrois v. Nelda Faye, Inc.*, 597 F.2d 881, 885 (5th Cir. 1978).

Here, Defendant merely makes conclusory allegations that the passage of time in this case prevented Defendant from securing fact witnesses.[4] Defendant does not offer any evidence to support this assertion.[5] Although Defendant claims to have other facts to present which support the defense of laches, Defendant did not submit any affidavits or other evidence in support of the motion.[6] Accordingly, Defendant has not shown that summary judgment is warranted based upon the defense of laches.

---

[4] For example, Defendant states: "Plaintiffs could have brought this action in 2005, but deliberately waited in order to obtain the advantage that Defendants would be unable to locate fact witnesses." (Doc. 8 at 2.)

[5] Defendant merely argues that if the action had been brought earlier, Defendant "would have adequately prepared a defense through eyewitness testimony." (Doc. 6 at 2.)

[6] Notably, Defendant did not seek an extension under FED. R. CIV. P. 56(f) to obtain additional discovery.

5

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court DENY Defendant's motion for summary judgment.

SO RECOMMENDED, June 11, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).