IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINGVISION PAY-PER-VIEW, LTD., § <br> as Broadcast Licensee of the § <br> August 13, 2005 Rahman/Barrett Event, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CAROLINE GUERRERO, § <br> Individually and d/b/a § <br> ROCKY'S PLACE, § <br> § <br> Defendant. § | | Civil Action No.  3:08-CV-1970-G (BF) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management.  Before the Court for consideration is the Motion for Summary Judgment ("Motion") filed by Kingvision Pay-Per-View, Ltd. ("Plaintiff"), on February 6, 2009 (doc. 6).  Caroline Guerrero, owner and manager of Rocky's Place, individually and d/b/a/ Rocky's Place ("Defendant"), has not responded to Plaintiff's motion, and the time to do so has expired.[1]

This is an "Anti-Piracy" case pursuant to the Federal Communications Act of 1934, as amended ("Communications Act").  The Communications Act combats against the piracy of radio

---

[1] Plaintiff filed its motion on February 6, 2009. Defendant's response was due February 26, 2009. *See* N.D. Tex. Civ. R. 7.1(e).

and television signals. *See* 47 U.S.C. §§ 553[2], 605[3]. Plaintiff claims that Defendant illegally intercepted the closed circuit telecast of the August 13, 2005 championship boxing match between Hassim Rahman and Monte Barrett, including undercard or preliminary bouts (the "Event") and exhibited the Event in Rocky's Place (the "Establishment") without paying the licensing fee to Plaintiff.

## Standard of Review

Summary judgment is appropriate when the pleadings and the evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court views the facts in the light most favorable to the non-moving party. *Whittaker v. BellSouth Telecomms., Inc.*, 206 F.3d 532, 534 (5th Cir. 2000) (citations omitted). A party seeking summary judgment bears the initial burden of informing the court of the basis for its

---

[2]The terms of 47 U.S.C. § 553 provide, *inter alia*, that:
> No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

[3] The terms of 47 U.S.C. § 605 provide, *inter alia*, that:
> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

2

motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once a properly-supported motion for summary judgment is made and the movant has met his burden, the non-moving party must go beyond the pleadings and set forth specific facts showing that a genuine issue exists for trial. *Anderson*, 477 U.S. at 250. This burden is not satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). There must be evidence giving rise to reasonable inferences that support the non-moving party's position. *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987).

## Analysis

### Liability

Because Plaintiff will have the burden of proof at trial on these claims, it must establish "beyond peradventure *all* of the essential elements of the claim" to obtain summary judgment. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Plaintiff has met this burden by demonstrating through undisputed summary judgment evidence that Defendant is liable for violation of the Communications Act. Sections 553 and 605 of the Communications Act prohibit the unauthorized interception and broadcast of either satellite or cable transmissions. *See Entm't by J & J, Inc., v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 774 (S.D. Tex. 2002) (citations omitted). Plaintiff's undisputed evidence shows that Defendant did intercept and exhibit protected communications without authorization, and therefore Plaintiff is entitled to judgment as a matter of law.

First, Defendant's lack of response to Plaintiff's motion for summary judgment creates

undisputed evidence upon which Plaintiff relies. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). The Court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *See Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 916 n.7 (5th Cir. 1992). Therefore, when a defendant fails to respond to a plaintiff's motion for summary judgment, the Court is allowed to accept the evidence presented by Plaintiff as undisputed. *See Eversley v. Mbank Dallas,* 843 F.2d 172, 174 (5th Cir.1988). Because Defendant has not filed a response, she has failed to identify specific evidence that creates a genuine issue of material fact, and she has failed to articulate how any evidence supports her position. Therefore, this Court accepts Plaintiff's evidentiary assertions as undisputed.

Plaintiff introduced a copy of the license agreement and affidavits that establish the following facts. Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefight events. (Pl.'s App., Ex. A.) It had the exclusive licensing rights to the closed-circuit telecast of the Event, distributable at locations throughout the state of Texas, including the Establishment, Rocky's Place. (Pl.'s App., Ex. A-1.) On the date of the telecast, Defendant enabled the patrons at the Establishment to view the broadcast of the Event. (Pl.'s App., Ex. A-2). Defendant did not pay the required license fee, and Plaintiff did not authorize Defendant to intercept, receive, or transmit the communication of the Event. (Pl.'s App., Ex. A.) An investigator acting for Plaintiff entered into the Establishment, after seeing a sign advertising the Event, and observed the Event being exhibited to at least sixteen patrons of Defendant's Establishment on three

televisions. (Pl.'s App., Ex. A-2.)

Plaintiff has also introduced undisputed evidence through requests for admissions. Under FED. R. CIV. P. 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days. FED. R. CIV. P. 36(a). Because Defendant failed to serve any responsive document within thirty days as required, Plaintiff's requests for admissions are deemed admitted. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). With this evidence, Plaintiff proves that Defendant: (1) did not order the Event or pay the license fee to exhibit the Event at the Establishment; (2) intercepted and exhibited the Event at the Establishment without authorization; (3) knew the exhibit of the Event was illegal; (4) was aware that a license fee had to be paid to exhibit the Event at the Establishment; (5) advertised the Event; (6) is an owner and manager of the Establishment and was present the night of the Event; (7) exhibited the Event for her financial gain and derived an economic benefit from exhibiting the Event; and (8) intentionally and willfully broadcast the Event at the Establishment knowing that the broadcast of the Event was not authorized.

Plaintiff has demonstrated through undisputed summary judgment evidence that Defendant is liable for violation of the Communications Act. Defendant, on the other hand, has offered no evidence or response to Plaintiff's motion and has failed to present a genuine issue of material fact. Thus, the District Court should grant Plaintiff's Motion and enter judgment in Plaintiff's favor, with an award of appropriate damages.

## **Damages**

Having determined that Defendant is liable under Communications Act, the Court must now decide the relief to which Plaintiff is entitled. This Court recommends that Plaintiff recover

statutory damages, additional damages for willful acts, attorney's fees, and post-judgment interest. The Court also recommends the issuance of a permanent injunction to enjoin Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Communications Act.

### **Statutory Damages**

First, Plaintiff requests statutory damages in the amount of $10,000.00. When a defendant has violated 47 U.S.C. § 605, the plaintiff may recover either actual damages and loss of profits or statutory damages of not less than $1,000 and not more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Statutory damages are appropriate where actual damages are difficult to prove. *See Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651, 657 (2nd Cir. 1978); *see Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F. Supp. 730, 732 (S.D.N.Y. 1981). When a court exercises its discretion to award damages, the court should consider both the nature of the violation in light of the statutory scheme involved and the particular circumstances concerning the defendant's actions. *Cablevision Sys. N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 113 (E.D.N.Y. 1997).

The Court finds that statutory damages in the amount of $10,000 are appropriate here because of Plaintiff's loss of business opportunities, business investment, and good will. First, Defendant's unauthorized broadcast of a licensed event has the potential to erode the base of Plaintiff's customers. *See Cox Cable Cleveland Area, Inc. v. King*, 582 F. Supp. 376, 381 (N.D. Ohio 1983). When unauthorized commercial establishments offer stolen programming, like the Event, to their patrons for no fee or for a fee less than the authorized establishments must charge, the legitimate commercial establishments with the right to broadcast closed-circuit programming cannot attract paying customers and will incur financial loss. (Aff. of Marcus W. Corwin ("Corwin

6

Aff.") ¶ 12.)  With these losses, legitimate commercial establishments will not have the incentive to pay a sublicense fee to the Plaintiff to legally broadcast this type of programming.  (*Id.*)  The Plaintiff, therefore, will suffer loss of future business opportunities. (*Id.*)  Second, Plaintiff suffered damage to its goodwill and reputation and loss of its right and ability to control and receive fees for the transmission of the Event.  (Corwin Aff. ¶ 14.)

The Court also finds that statutory damages are appropriate here because Plaintiff operates the type of business that the Communications Act aims to protect.  The statute's intent is to deter the wrongful interception, receipt, and broadcasting of closed-circuit programming that is at issue in this case.  *See Nat'l Satellite Sports, Inc., v. Garcia*, Civil Action No. 3:01-CV-1799-D, 2003 U.S. Dist. LEXIS 10315, at *6 (N.D. Tex. Jun. 18, 2003).  If rampant theft of services goes unpunished, and Plaintiff and others continue to suffer losses from such thefts, broadcasts could be curtailed and the public deprived of the legitimate opportunity to view such programs.

Given the harm to Plaintiff, the District Court should grant Plaintiff's request for statutory damages in the full amount of $10,000.

### **Additional Damages for Willful Acts**

Second, Plaintiff seeks five times the amount of statutory damages, or $50,000 for willful acts.  Under 47 U.S.C. § 605, if a court finds that the Act was violated willfully and "for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages. . . ." 47 U.S.C. § 605(e)(3)(C)(ii).  Courts use this multiplier of statutory damages to deter future willful pirating of cable and satellite broadcasts.  *See e.g.*, *KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.*, 146 F. Supp. 2d 955, 959-60 (E.D. Wis. 2001) (discussing multipliers of three to eight times the statutory damages in order to deter future

communication theft); *See Nat'l Satellite Sports, Inc., v. Garcia*, Civil Action No. 3:01-CV-1799-D, 2003 U.S. Dist. LEXIS 10315, at *8 (N.D. Tex. Jun. 18, 2003) (awarding three times the maximum statutory damages). "Based on the limited methods of intercepting closed circuit broadcasting of pay-per-view events and the low probability that a commercial establishment could intercept such a broadcast merely by chance . . . courts have held conduct such as [intercepting satellite signals] to be willful and for the purposes of direct or indirect commercial advantage or private financial gain." *Entm't by J & J, Inc.*, 219 F. Supp. 2d at 776 (noting that the Supreme Court's definition of willfulness, "disregard for the governing statute and indifference for its requirements," applies to cable theft cases. (citations omitted)).

As previously discussed, the undisputed evidence reveals that Defendant, without authorization, broadcast the Event in a commercial establishment. Defendant promoted the Event with an outside sign and an on-the-wall invitation, "Join us for Braham v. Barrett." (Pl.'s App. Ex. A-2.) Given Defendant's promotion of the Event and the unlikelihood that Defendant inadvertently intercepted the broadcast, this Court concludes that Defendant's violation of the statute was willful. The Court concludes that the additional sum of $30,000, or three times the statutory damages, should be awarded in this case.

### Attorney's Fees

Third, Plaintiff seeks an award of reasonable attorneys' fees and costs. Under 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii), Plaintiff is entitled to recover its reasonable attorney's fees and costs. Plaintiff requests one-third of the amount of the damages awarded or, alternatively, a fee based on the hours expended and a reasonable hourly rate. The Court finds that Plaintiff should recover a fee based on the hours expended and a reasonable hourly rate. *See Nat'l Satellite Sports,*

*Inc., v. Garcia*, Civil Action No. 3:01-CV-1799-D, 2003 U.S. Dist. LEXIS 10315, at *6 (N.D. Tex. Jun. 18, 2003)(holding that the owner of the exclusive right to exhibit boxing match should recover a fee based on the hours expended and a reasonable hourly rate).  Based upon Plaintiff's undisputed evidence, the Court finds that the District Court should award Plaintiff $2,000 (eight hours at the hourly rate of $250 per hour) as a reasonable attorney fee.

Plaintiff also seeks a contingent award of additional attorney's fees in the event certain post-trial, pre-appeal, and appellate services are rendered and do not lead to a reversal of the judgment of this Court.  Because Plaintiff may apply for such an award if and when such fees and costs are incurred, the District Court need not award contingent attorney fees.

## Post-Judgment Interest

Fourth, Plaintiff requests post-judgment interest at the current bank prime rate of 3.25%.  "A district court has discretion to impose a pre- and post-judgment interest award to make a plaintiff whole."  *Williams v. Trader Publish'g. Co.*, 218 F.3d 481, 488 (5th Cir. 2000).  This Court finds Plaintiff's request for post-judgment interest reasonable.  However, Plaintiff is entitled to post-judgment interest at the rate provided for federal court judgements, not the bank prime rate.  The District Court should award Plaintiff post-judgment interest at the federal court judgment rate for the date judgment is entered.

## Injunction

Finally, Plaintiff requests a permanent injunction that enjoins Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Communications Act.  Under §§ 553 and 605, when a defendant is found liable for violating the Act, the court may grant temporary and final injunctions "on such terms as it may deem reasonable to prevent or restrain

9

violations" of the Act. 47 U.S.C. §§ 553(c)(2)(A) and 605(e)(3)(B)(i). Because this legislative enactment provides express authority for issuance of statutory injunctions, the Court may issue an injunction without resort to the traditional 'equitable' prerequisites of such relief, so long as the statutory conditions are met. *CSC Holdings, Inc. v. New Info. Techns. Inc.*, 148 F. Supp. 2d 755, 763 (N.D. Tex. 2001) (citations omitted). Thus, the Court may issue a permanent injunction when liability under the statute has been established. *Id.*

This Court finds that the requested relief of a permanent injunction is reasonable to prevent further violations of the Communications Act. In *KingVision Pay-Per-View, Ltd. v. Guerra*, the court issued a permanent injunction against the defendant, a restaurant owner, after defendant had illegally intercepted the closed-circuit telecast of a championship boxing match without paying the licensing fee to the plaintiff, the owner of the exclusive rights to the match. *KingVision Pay-Per-View, Ltd. v. Guerra*, Civil Action No. H-07-1822, 2007 WL 3001659, at *2 (S.D. Tex. Oct. 12, 2007). The court held that a permanent injunction prohibiting the defendant from intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act was a reasonable form of relief. Similarly, the Defendant in this case illegally intercepted the closed-circuit telecast of a boxing match without paying the licensing fee to the owner of the rights to the match. Furthermore, liability under the statute has been established. Therefore, the permanent injunction is reasonable and should be granted.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court enter an order granting Plaintiff's motion for summary judgment against the Defendant. The District Court should order the following:

That Plaintiff's Motion for Summary Judgment be GRANTED.

That Plaintiff recover from Defendant Caroline Guerrero, individually and doing business as Rocky's Place: (1) statutory damages in the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) additional damages in the amount of $30,000 for "committ[ing] [the alleged act] willfully and for purposes of direct or indirect commercial advantage or private financial gain," pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); (3) reasonable attorney's fees in the amount of $2,000; (4) post-judgment interest at the federal court judgment rate when the judgment is entered; and (5) a permanent injunction enjoining Defendant from ever intercepting or exhibiting an unauthorized program in violation of the Communications Act, pursuant to 47 U.S.C. §§ 553(c)(2)(A) and 605(e)(3)(B)(i).

SO RECOMMENDED, June 11, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).